### NIAGARA BRIDGE WORKS v. JOSE.

The directors of a railroad corporation, authorized by c. 83, Laws of 1871, to contract debts to such an amount as, in addition to means derived from their stock, should be sufficient for the construction and equipment of their road, are not liable under Gen. St., c. 135, s. 5, for the debts of the corporation, though the debts so contracted exceed one half the capital stock and other property and assets of the corporation.

Chapter 83, Laws of 1871, renders Gen. St., c. 135, ss. 4 and 5, inapplicable to the P. & O. R. R. and their directors.

DEBT, upon Gen. St., c. 135, ss. 4 and 5, to recover of the defendant, a director in the P. & O. R. R., a debt due from the corporation.

The evidence tended to show that the corporation were chartered and organized in Maine; that, under that charter, they had issued stock to the amount of 10,056 shares, upon which they had received, when the debt in suit was contracted, $1,045,537.98; that the total amount of their debts and liabilities then amounted to $2,682,401.94, of which sum $2,381,600 consisted of bonds; that the right of way through this state was granted to them July 7, 1869 (c. 78, Laws of 1869), in and by which the corporation were made a corporation within this state, with all the rights and privileges and subject to all the liabilities of corporations of a similar nature; that, July 14, 1871, the legislature of this state authorized the corporation to issue their bonds and notes to such an amount as, in addition to means derived from their stock, should be necessary and sufficient for the construction and equipment of their road; and all bonds, issued for the purposes of the corporation before the passage of that act, were declared to be valid and legal.

On these facts the question was reserved whether the defendant was liable.

*C. R. Morrison* and *Sargent & Chase*, for the plaintiffs, contended that the legislature had no power to suspend the provisions of the statutes under which the action is brought,—citing Cooley Con. Lim. 391; 2 Young 544; *Holden* v. *James*, 11 Mass. 396; *Davis* v. *Johonnot*, 7 Met. 393; *Bull* v. *Conroe*, 13 Wis. 238, 244; *Lewis* v. *Webb*, 3 Greenl. 326; *Merrill* v. *Sherburne*, 1 N. H. 199, 212; 4 N. H. 574,—and if they have such power there is the strongest presumption against its exercise. *DeLancey* v. *Ins. Co.*, 52 N. H. 592, 594; *Churchill* v. *Sanborn*, 12 N. H. 543; *State* v. *Arlin*, 27 N. H. 129; *State* v. *Otis*, 42 N. H. 72; *State* v. *Wilson*, 43 N. H. 418; *Moore* v. *Taylor*, 44 N. H. 373.

*Sawyer & Sawyer, Jr.*, with whom was *A. F. Stevens*, in reply.

The legislature certainly have the power to say that a particular corporation shall be authorized to do what they have enacted by general law such corporations shall not do. This is just what has been done by the act of July 14, 1871. While it is said, in Gen. St., *c.* 135, *s.* 4, "no corporation shall contract debts exceeding" the limit prescribed, the act of 1871 is equally emphatic in declaring that this corporation "may issue their bonds or notes to an amount". beyond the limit. What is this but declaring that the illegality which under the general law attaches to corporations, in contracting debts beyond the limit, is waived in the case of this corporation, and the provisions of the General Statutes on this subject, *quoad hoc,* repealed? That which under the General Statutes is illegal for corporations generally to do, is, by this act of 1871, made legal in the case of this corporation. The personal liability of the director follows only from his instrumentality—coöperation, active or passive—in the illegal thing done by the corporation. The illegality in the corporate act being waived or removed by the legislative act authorizing it, the consequent personal liability of the director is removed, for it is only when the corporation by vote, or their officers by their acts, violate the law in this respect that this personal liability attaches.

The act of 1871 contains three independent provisions: (1) That the corporation may issue their bonds or notes to an amount necessary, in addition to their means from stock, to construct and equip the road ; (2) that they may mortgage their road, franchises, and equipment to secure this additional indebtedness; (3) that all bonds issued by them before the passage of the act for constructing or equipping the road, and the mortgages to secure them, shall be valid. The first provision does not merely give validity, that is, make the corporation liable for the indebtedness thereafter incurred, as is done by the third as to prior bonds and mortgages: it declares that the corporation may contract an indebtedness to an amount in flat contradiction to the general provision of law that they shall not. "No corporation, except, &c., shall contract debts or incur liabilities exceeding, &c.," is the explicit declaration of the general law. This corporation "may issue bonds or notes exceeding, &c.," is the equally explicit declaration of the act of 1871, and it can mean nothing more nor less than that, notwithstanding the explicit provision of the general law, the legislature exempt this corporation from the restriction which it imposes. The personal liability attaches only when this general provision is violated.

STANLEY, J. At common law, corporations, as one of their incidents, have the power to contract any obligation necessary to carry into effect the objects of their creation; and this, in a corporation of this character, involves the power to borrow money, to give notes or bonds for its repayment, and to secure them by mort-

gage or pledge of their property. This power was conferred upon this corporation by the act of the legislature passed July 7, 1869 (Laws of 1869, 322), recognizing their existence, and authorizing the construction of the road in this state ; but it was subject to the then existing laws relating to corporations, among which was one that no corporation, banks and insurance companies excepted, should contract debts or incur liabilities exceeding one half their capital stock actually paid in and unimpaired, and of their property and other assets. Gen. St., *c.* 135, *s.* 4.

By *s.* 5 of the same chapter the directors are liable for the excess of debts and liabilities above half the capital stock paid in and of the other property and assets, for all the debts and contracts of the corporation then existing or contracted while they respectively remain in office.

The plaintiffs' claim is, that the act of July 24, 1871 (Laws of 1871, 576, 577) has no effect upon these provisions of the Gen. St., and that the defendant's liability must depend upon whether they have been violated; and if this position is correct, the defendant is liable, for the debts of the corporation exceed the limit fixed by Gen. St., *c.* 135, *s.* 4. On the contrary, the defendant claims that, as to this corporation, the effect of the act of 1871 was to suspend the operation of the Gen. St., and for this reason to relieve him from liability.

The effect of *c.* 135, *s.* 4, is not to prohibit absolutely the contracting of debts in excess of the amount therein specified, nor to render such debts void, or even voidable, so far as the corporation are concerned. Its sole effect is to render the directors personally liable, but liable only when the authority conferred by *s.* 4 has been exceeded.

If, by the act of 1871, neither the power to contract debts was enlarged, nor the penalty removed, it is difficult to conceive anything gained by its passage. No new right was conferred, nor was any liability modified. The rights and liabilities of the corporation and the directors were the same after as before its passage. But this view is not correct. The act of 1871 was passed for the purpose of effecting a change in the existing law, so far as it related to this corporation; and if we look at the mischief to be remedied, to ascertain the intention of the legislature in the enactment of *c.* 135, *ss.* 4 and 5, and the act of 1871 (Potter's Dwar. 186), the intention will be apparent.

The provisions of *c.* 135, *ss.* 4 and 5, were enacted for the protection of the public against the recklessness and extravagance of corporations, by making the directors, in whose management the affairs of the corporation were vested, personally responsible when the limit therein fixed was exceeded.

When the act of 1871 was passed, the directors were amenable to the general law, and they could not exceed the limit fixed by *s.* 4 without becoming liable.

If this act is to have any effect, it must be to permit that which was before prohibited; and if this is its effect, it renders *s.* 4 of *c.* 135 inapplicable to this corporation, and as to it, it was a waiver of the general provisions of law applicable to all corporations. If this is its effect, and it is practically inoperative if it is not, the defendant is not liable, for his liability is dependent entirely on a violation by the corporation of *s.* 4. If that section does not apply to the corporation of which the defendant is a director, then *s.* 5 is equally inapplicable to the defendant. The question, where two statutes are in conflict, which is to govern, is one of legislative intention, and is determined like the construction of a bond, a will, a mortgage, a deed, or other written instrument, by the natural weight of all the competent evidence, and not by an arbitrary formula. *Edes* v. *Boardman,* 58 N. H. 580, 592.

The provisions of Gen. St., *c.* 135, *ss.* 4 and 5, and the act of 1871, cannot stand together. This being the case, and the question being one of legislative intention, we think the effect of the act of 1871 was to relieve the defendant and his co-directors from liability under the provisions of Gen. St., *c.* 135, *ss.* 4 and 5.

It is claimed by the plaintiffs, that if the act of 1871 is so construed it is a grant of special privileges, and is therefore in violation of the constitution; but this objection applies with equal force to the charter itself, and to charters of all corporations. They are all grants of special privileges not possessed by the individual. It was competent for the legislature to insert in the act of 1869 a provision exempting stockholders or directors from liability for the debts of the corporation in any event. It is not claimed that such a statute would be in conflict with the constitution, and, if competent to make the corporation when chartered an exception to the general rule, it was competent to do it subsequently by an amendment of the charter. The power being admitted or proved, the time of its exercise is a matter of legislative discretion. On the facts stated, the defendant is not liable.

It may be inferred from the act of 1871 that the directors would not incur the risk of contracting corporate debts which they would be liable to pay; that the highway would not be built and equipped for the public by the corporation, under the general law of personal liability of directors and stockholders, and that the legislature suspended the operation of that law in this case for the purpose of inducing the corporation to complete the highway for the public accommodation. It being impossible to complete it, except with the public money or money hired on the credit of the corporation, without the security of the individual liability of their directors and stockholders, no wrong was done by authorizing the money to be so hired.

*Case discharged.*

FOSTER and BINGHAM, JJ., did not sit: the others concurred.